SELLMEYER v. WELCH.

MARRIED WOMAN: *Her earnings, etc.*
> The earnings of a married woman arising from her services done and performed
> on her sole account become her separate property, and she may appropriate
> them if she chooses to the payment of her husband's debts, and where she does
> so appropriate them she is bound by it and can not reclaim them.

APPEAL from *Clay* Circuit Court.
Hon. W. H. CATE, Circuit Judge.

*J. E. Riddick* for Appellant.

The instruction given by the court is clearly erroneous. A
married woman has the right to spend her personal wages as
she pleases, and if she chooses to spend them in the payment
of board for her husband and son, it is her own concern, as

she has a perfect right to do so. The proposition is too plain to require citation of authorities. The court seems to have failed to note the distinction between the executed and executory contracts of married women. Courts sometimes refuse to enforce executory contracts of married women, but where such contracts have already been performed, and they attempt to ignore them, the question is different. If this be true, the court erred both in the instruction given by him and in refusing those asked by appellant. *Const. of 1874, art. 9, sec. 7; Collins, trustee, v. Wassell, 34 Ark., 17; Scott et al. v. Ward, trustee, 35 Ark., 480; Roberts and wife v. Wilcoxson & Rose, 36 Ark., 355; Walker v. Jessup, admr., 43 Ark., 163; Bispham's Equity, sec. 101; Bishop on Married Women.*

1. MARRIED WOMAN:—Her earnings, etc.

COCKRILL C. J. Mrs. Welch, a married woman, sued Sellmeyer on an account for $135 for her services as cook for himself and laborers on a railroad. Sellmeyer pleaded payment.

Upon the trial, Mrs. Welch testified that she had contracted with Sellmeyer, who was a railroad contractor, to cook for him and his hands, not to exceed fifteen in number, for the sum of $25 per month, and the board of herself and family; the said family consisting of a husband and son; that she cooked for about forty hands for a period of three months; that her services were reasonably worth $50 per month, and that no part of the same had been paid.

Sellmeyer, on his part, testified that he employed the plaintiff, who was a married woman, to cook for work-hands that he boarded; that among the men boarded by him were the husband and son of the plaintiff; that after the performance of said service by the plaintiff, he had a settlement with her and ascertained that there was due her the sum of $135, the amount claimed in the complaint; he found also that her hus-

band and son were indebted to him in the sum of $70, for board, and that thereupon the plaintiff agreed to pay the board of her husband and son, and did pay for the same out of the amount due her, leaving still a balance of $65, which was paid her in cash. He denied that he was to board her husband and son free in addition to wages paid.

In rebuttal, Mrs. Welsh denied that she had accepted the board of her husband and son in part payment of her wages.

The defendant asked the following instructions:

1. "If plaintiff accepted board of her husband and son in payment of her debt from defendant to her, then she is bound by said settlement, and it will be considered a payment.

2. "If the jury find that the contract between Mrs. Welch and defendant, Sellmeyer, was to pay her a certain amount per month, and that the defendant settled this amount with plaintiff, partly by cash and partly by furnishing board for her husband and son, which board of her husband and son was furnished at her request, and was accepted by her in satisfaction of part of her debt, then that was binding upon her and she cannot now claim a second payment."

These instructions were refused, and exceptions saved by Sellmeyer.

The court then, upon its own motion, instructed the jury as follows:

"If the jury find from the evidence that the indebtedness from Sellmeyer to plaintiff was for wages for the personal labor of plaintiff, and that she is a married woman, then this indebtedness will be held to be her separate property and she cannot charge or encumber it, or bind it for the payment of the board of her husband and son."

There was a verdict and judgment against the defendant for $55; and after exceptions properly saved he has appealed.

The earnings of a married woman arising from labor and services done and performed on her sole account become her separate property. *Mansf. Dig., Sec. 4625.* It has been held that she may sell her separate real estate to pay her husband's debts, (*Scott v. Ward, 35 Ark., 480; Roberts v. Wilcoxson, 36 Ib., 355*), and there is no rule of law or public policy that prevents her from devoting the earnings of her labor to the same purpose if she desires to do so; and, where there is no other objection to the contract, an executed agreement by a married woman to pay a debt due by her husband and son for board is binding upon her. The court erred therefore in giving the instruction in effect that the appellee could not legally part with her earnings in payment of her husband's and son's debts, and also in refusing to give the instructions prayed by the appellant.

Let the judgment be reversed and the case remanded for a new trial.